HAWAIIAN TRUST COMPANY, LIMITED, EXECU-
TOR OF THE WILL OF JOEL C. COHEN,
DECEASED, *v.* WILLIAM BORTHWICK, TAX
COMMISSIONER OF THE TERRITORY OF HA-
WAII.

No. 2223.

ARGUED JANUARY 28, 1938.          DECIDED MARCH 31, 1938.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

The territorial legislature at its second special session
of 1932, by Act 42, levied an annual business excise tax
upon all persons doing business within the Territory with
certain exceptions with which we are not concerned. The
Act was carried into the 1935 compilation as chapter 63,
sections 2000-2007, both inclusive. These sections of the Re-
vised Laws were repealed by Act 119, saving however all
taxes existing, due and incurred for and in respect of any
business done prior to January 1, 1935. The tax was for the
doing of business for the taxable year preceding the one in
which the tax was legally assessed and was in addition to
any license or other fee prescribed by any other law.

The sole question in difference in these proceedings is
whether a corporation which, as executor of a will, in the

494

course of administration of the estate of its deceased testate did business within the Territory during the taxable year 1932, is subject to the business excise tax for or in respect of business done by it during the taxable year 1932. Answer to this question depends upon the construction to be placed upon section 2 of the Act defining the term "person." If the executor is a "person" within the meaning of that term as defined in section 2 of the Act it is subject to the tax imposed by the Act; otherwise not.

The executor of the will of the deceased testate is and during all the times with which we are concerned was a corporation organized under the laws of the Territory pertaining to trust companies found in the compilation of 1935 as chapter 226, sections 6900-6921, both inclusive, as amended, and was authorized by the law of its creation to act as an executor. And while the will of its nomination neither expressly nor by implication confers upon it authority to engage in business we assume that it was lawfully engaged in its fiduciary capacity in the business admittedly done by it during the taxable year 1932.

Section 1 of the Business Excise Tax Act provides: "There shall be levied and assessed each year upon each person doing business within the Territory, except as otherwise in this Act provided, an excise tax in the manner and at the rate hereinafter provided * * *." Section 2 of the same Act provides: " 'Person', within the meaning of this Act, shall include every individual, partnership, firm, society, unincorporated association, group, hui, joint stock company, corporation, and trust estate, whether said persons are doing business for themselves or in a fiduciary capacity, and whether the individuals are residents or nonresidents of the Territory of Hawaii and whether the corporation or other association is created and/or organized under the laws of the Territory of Hawaii or of another jurisdiction."

The executor contends that it is not a "person" as that term is defined in section 2 of the Act and hence not subject to the provisions of the Act for the reasons that the provisions of the Business Excise Tax Act are not to be extended by implication beyond the clear import of the language used nor to include persons not expressly covered by the terms of the statute; that the definition of the term "person" as contained in the statute is exclusive of persons not expressly included therein; that an estate in probate is not a "trust estate"; and finally, in the absence of apt words of inclusion, an estate in probate is not subject to the tax. The tax commissioner on the other hand contends that under section 2 of the Act the word "person" includes both a "trust estate" and a "corporation" "doing business in a fiduciary capacity"; that an estate in probate is a "trust estate" and a corporation which, as executor of a will in the course of the administration of the estate of its deceased testate, does business within the Territory, is a "corporation" "doing business in a fiduciary capacity"; and hence the estate of the deceased testate in probate or in the alternative the corporation as executor is respectively a "person" within the meaning of section 2 of the Act and in either case subject to the provisions of the Act.

Under the admitted facts in this case the executor was a corporation and was doing business during the taxable year 1932 in its fiduciary capacity as executor of the will of its deceased testate. As such it is a "person" within the meaning of that term as employed in the Act and subject to the provisions of the Act for or in respect of business done by it in its fiduciary capacity during the taxable year 1932.

We do not deem it necessary to decide whether an estate in probate is a trust estate. We are, however, convinced that the term "trust estate," included in the word "person" by the provisions of section 2 of the Act, was not included in the sense ascribed to it by the tax commissioner. As we

construe section 2 of the Act the term "trust estate" is included in the meaning of the word "person" much in the same sense and for the same purpose as the other included terms (exclusive of course of the word "individuals") as the name of a form of organization under which business might be conducted. An instance of business done under the form of a testamentary trust may be seen in the case of *Bishop* v. *Hill,* 33 Haw. 371. There, similarly as here, section 2 of the Business Excise Tax Act was under consideration and we there held that the trustees of the trust estate were a "person" within the meaning of that term as employed in section 2 of the Act. Other instances of business done under the form of a trust estate are the several types of *inter vivos* business trusts, forms of organization employed by individuals wishing to engage in business together. The term "trust estate" was included in the meaning of the word "person" to embrace all types of trust organizations under which business might be conducted.

In our opinion the provisions of section 2 of the Business Excise Tax Act are clear and unambiguous and inevitably lead to the conclusion that a corporation which, as executor of a will in the course of the administration of the estate of its deceased testate, did business within the Territory during the taxable year 1932 is a "person" within the meaning of that term as employed in the Business Excise Tax Act and is subject to the tax levied and assessable thereunder for and in respect of the business done by it during the taxable year 1932. In so holding, the provisions of the statute are not extended by implication beyond the clear import of the language used nor to include persons not expressly covered by the terms of the statute. To the contrary of being excluded, a corporation, whether doing business for itself or in a fiduciary capacity, is *eo nomine* expressly included as a person subject to the provisions of the Act. By the provisions of section 2 of the Business

Excise Tax Act it is apparent that the legislature intended to levy a business excise tax upon all persons, natural or artificial, doing business within the Territory either individually or collectively and whether for themselves or in a fiduciary capacity. The word "person" obviously includes an individual. It does not, however, ordinarily include unincorporated associations or trust estates. It may include a corporation. But to remove all doubt of the meaning of the word "person" as elsewhere used in the Act the legislature expressly provided that in addition to individuals it include the various forms of business organizations and associations enumerated, believing no doubt, and we think correctly so, that it had thus included every known form of business organization or association that might be created by persons, natural or artificial, wishing to singly or with others do business within the Territory. This purpose is emphasized by the inclusion of the general terms "society," "group," and "firm," catchalls no doubt designed to include as persons subject to the Act business associations which might lack some of the legal attributes essential to the creation of the special forms of business associations named.

A judgment in favor of the tax commissioner and against the executor for the amount of the tax involved will be signed upon presentation.

*M. Cades* (Anderson, Marx, Wrenn & Jenks and Smith, Wild, Beebe & Cades on the brief) for the taxpayer.

*R. V. Lewis,* Deputy Attorney General (also on the brief), for the tax commissioner.